In the

# United States Court of Appeals
## For the Seventh Circuit

––––––––––––––––––

No. 25-1268

SARAH HINKES,

*Plaintiff-Appellant,*

*v.*

SUNERA TECHNOLOGIES, INC.; RAVI K. REDDY; and SREENIVASA
SETTY,

*Defendants-Appellees.*

––––––––––––––––––

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 C 8183 — **LaShonda A. Hunt**, *Judge.*

––––––––––––––––––

ARGUED OCTOBER 27, 2025 — DECIDED MAY 22, 2026

––––––––––––––––––

Before EASTERBROOK, ROVNER, and SCUDDER, *Circuit
Judges.*

EASTERBROOK, *Circuit Judge.* Sarah Hinkes sued her em-
ployer and two other employees for several forms of discrim-
ination that she said violated federal statutes. The suit was
stayed in favor of arbitration. 9 U.S.C. §3; *Smith v. Spizzirri,*
601 U.S. 472 (2024). After the arbitrator ruled in the em-
ployer's favor, Hinkes asked the district court to set aside the

award. Instead the judge confirmed it, 2025 U.S. Dist. Lᴇxɪs 10182 (N.D. Ill. Jan. 21, 2025), and Hinkes appealed.

Her appellate brief asserts that subject-matter jurisdiction rests on 28 U.S.C. §1332, which applies when all plaintiffs have citizenship different from all defendants. Yet both Hinkes and Ravi Reddy, one of the defendants, are citizens of Illinois. She asked us to ignore Reddy on the ground that her appeal does not request any relief against him. But Reddy remains a party, as Hinkes did not use her opportunity to dismiss him in order to secure complete diversity of citizenship. See Fed. R. Civ. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832–38 (1989).

After oral argument, we directed the parties to file supplemental briefs addressing subject-matter jurisdiction. Hinkes changed her tune, called Reddy a necessary party, and asked us to dismiss the appeal. That's an odd request: the appeal is hers, and she has been free to dismiss it at any time. Fed. R. App. P. 42(b). What she wants is vacatur of the arbitration award. Dismissal of the appeal, by contrast, would leave in place the district court's decision confirming the award.

Sunera, the employer, proposed a source of subject-matter jurisdiction that does not rely on diverse citizenship: the federal-question jurisdiction of 28 U.S.C. §1331. Whether the award is confirmable is not itself a federal question. See *Badgerow v. Walters*, 596 U.S. 1 (2022). But Hinkes's suit arises under federal law and so comes within §1331. That suit was stayed in favor of arbitration, and Sunera's motion to confirm was filed in it. Under *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099 (7th Cir. 2023), the source of jurisdiction that underlies the original (stayed) suit continues to apply when a court decides whether to confirm an arbitrator's award. We deferred decision in this appeal while the Supreme

Court resolved a conflict on that question. *Jules v. Andre Balazs Properties*, No. 25–83 (U.S. May 14, 2026), agrees with *Kinsella*. It follows that the district judge had subject-matter jurisdiction to confirm (or set aside) the result of the arbitration.

All of Hinkes's arguments against confirmation are procedural and rest principally on 9 U.S.C. §10(a)(3). She contends that the arbitrators considered evidence that had not been disclosed during discovery and that some of the admitted evidence was hearsay. The district court did not see a problem. Nor do we.

Section 10(a)(3) says that a court must set aside an award when

> the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]

Hinkes invokes this subsection but does not contend that the arbitrator refused to hear evidence that she presented. Instead she contends that the arbitrator erred by hearing too much evidence, a subject outside the scope of §10(a)(3).

The Federal Rules of Evidence do not apply in arbitration, so the elaborate rules defining hearsay and creating exceptions (see Rules 801 to 807) do not govern. Nor do Federal Rules of Civil Procedure 26 to 37, which regulate discovery. See *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 203–04 n.4 (1956). People often choose arbitration because they believe that adjudication will be cheaper and faster, if not necessarily more accurate, when the complex rules used in court can be bypassed.

Arbitrators (or associations such as the American Arbitration Association) may choose to replace the Federal Rules of

Civil Procedure and the Federal Rules of Evidence with more streamlined approaches. Sometimes they do away with rules and leave procedure to those steps on which the parties can agree under the guidance of an arbitrator. Either way, the arbitrator has not engaged in any misconduct for which §10(a)(3) allows a court to annul the decision. (Hinkes also weakly relies on §10(a)(4), which does not require separate discussion.)

The arbitration between Hinkes and Sunera took place under a contract that adopted the "Michigan Court Rules" and "the Model Employment Arbitration Procedures of the American Arbitration Association in effect at the time written notice of the claim is given." Before the hearing, the parties agreed that they would use the Association's more relaxed rules in lieu of those Michigan applies in litigation. The parties then exchanged witness lists, and some discovery occurred.

At the hearing Sunera contended that comments by Tara Palmieri, an employee of Oracle who said that she had witnessed some questionable conduct at a karaoke event, were among the reasons for Hinkes's discharge. Palmieri was not on either side's witness list and did not testify, but her statements were relayed to the arbitrator through Paul Williams (another of Oracle's employees) and Ravi Reddy, Sunera's president. As Hinkes sees things, allowing hearsay to substitute for a witness not disclosed in discovery evaded the spirit, if not the letter, of "the Model Employment Arbitration Procedures of the American Arbitration Association". Likewise, Hinkes insists, with the admission at the hearing of several documents that had not been disclosed before the hearing.

We may assume that the arbitrator erred, but where is the problem under §10(a)(3)? That subsection addresses failure to receive evidence, not receiving excess or unreliable evidence.

Hinkes contends that the arbitrator did exclude some of her evidence, but that's mistaken; the arbitrator allowed the witness in question to testify, though not as an expert. Federal judges should not set aside awards for reasons of their own devising, rather than those specified by Congress. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583–89 (2008). Nothing in the Federal Arbitration Act requires arbitrators to execute their instructions perfectly. See, e.g., *Generica Ltd. v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1129 (7th Cir. 1997); *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013).

Even in civil cases governed by the federal rules, judges may permit modest departures to prevent a need for putting a trial on hold to conduct additional discovery. Consider the facts of this very case: Williams and Reddy had been disclosed as witnesses, and even now Hinkes has not explained how she suffered prejudice from allowing them to testify to Palmieri's statements. Indeed, it is far from clear that the statements were hearsay at all—they were not admitted for the truth of what Palmieri said but for the fact that she had an adverse reaction, something that might matter to Sunera's business (which depends on good client relations) whether or not the client's perception is accurate. What's more, they do not seem to have mattered to the arbitrator, who did not mention this evidence (Sunera offered other, weightier reasons for discharging Hinkes). We do not see any "misconduct" or "misbehavior" in how the arbitrator handled this proceeding, so §10(a) does not authorize a court to deny confirmation.

AFFIRMED